# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
|     ANN TERRELL, ) | |
| ) | |
| BEAUFORT OF GORDON TERRACE ) | |
| CONDOMINIUM ASSOCIATION, ) | |
| an Illinois Not-For-Profit Corporation, ) | |
| ) | |
|         Creditor, ) | |
| ) | Case Number 19-07629 |
|         v. ) | Judge Deborah L. Thorne |
| ) | Chapter 7 |
| ANN TERRELL, ) | |
|         Debtor. ) | |

## NOTICE OF FILING

TO:    See Attached Service List

       Please take notice that the undersigned caused to be filed a ***Response in Opposition to Debtor's Motion for Compensation for Fees and Costs*** with the Clerk of Court for the United States Bankruptcy Court, Eastern Division, on March 12, 2020, a copy of which is attached to this Notice.

CHARLES M. KEOUGH/DAWN L. MOODY
GABRIELLA R. COMSTOCK/KAREN L. BEVERLY
JONATHAN D. WASSELL/BRYAN M. WILEY
KEOUGH AND MOODY, P.C.
Attorney Number 06324845
Attorney for Creditor
114 East Van Buren
Naperville, IL 60540
(630) 369-2700


   /s/ Bryan M. Wiley              
Attorney for Creditor

## PROOF OF SERVICE

     I, BRYAN M. WILEY, an attorney, on oath state, I served this Notice of Filing and Response in Opposition to Debtor's Motion for Compensation for Fees and Costs to the persons named on the service list via the method listed at or before 4:00 p.m. on March 12, 2020.

                                                                  /s/ Bryan M. Wiley      

**KEOUGH & MOODY COLLECTS DEBTS FOR ASSOCIATIONS. ANY AND ALL INFORMATION OBTAINED CAN AND WILL BE USED FOR THIS PURPOSE.**

## **SERVICE LIST**

1.  Ann Terrell - via regular mail
    820 W. Belle Plaine, Unit 1708
    Chicago, IL 60613

2.  Peter L. Berk - via regular mail, email and CM/ECF
    O'Keefe, Rivera & Berk
    55 West Wacker Drive, Suite 1400
    Chicago, IL 60601
    plberk@orb-legal.com

3.  Ronald R. Peterson - via regular mail and CM/ECF
    Chapter 7 Trustee
    Jenner & Block LLP
    353 N. Clark Street
    Chicago, IL 60654

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: )<br>    ANN TERRELL, )<br> )<br>BEAUFORT OF GORDON TERRACE )<br>CONDOMINIUM ASSOCIATION, )<br>an Illinois Not-For-Profit Corporation, )<br> )<br>    Creditor, )<br> )<br>    v. )<br> )<br>ANN TERRELL, )<br>    Debtor. ) | Case Number 19-07629<br>Judge Deborah L. Thorne<br>Chapter 7 |

**SECURED CREDITOR BEAUFORT OF GORDON TERRACE CONDOMINIUM
ASSOCIATION'S RESPONSE IN OPPOSITION TO DEBTOR'S
MOTION FOR COMPENSATION FOR FEES AND COSTS**

NOW COMES the Secured Creditor, BEAUFORT OF GORDON TERRACE CONDOMINIUM ASSOCIATION, by and through its counsel, Charles M. Keough, Dawn L. Moody, Gabriella R. Comstock, Karen L. Beverly, Jonathan D. Wassell, and Bryan M. Wiley of Keough and Moody, P.C., and states the following as its Response in Opposition to Debtor's Motion for Compensation for Fees and Costs:

STANDARD

Debtor's underlying Motion for Sanctions was brought pursuant to this Court's inherent powers under 11 U.S.C. § 105(a) and sought a civil contempt ruling and sanctions against Creditor for a violation of the discharge injunction. Debtor's Motion for Sanctions alleges a "willful" violation, and current decisions within the United States Bankruptcy Court for the Northern District of Illinois have established that the creditor must "willfully" violate the discharge injunction and the

1

creditor's subjective intent to violate the discharge injunction is relevant in the determination of "willfulness." *See e.g., In re Barr*, 457 B.R. 733, 738 (Bankr. N.D. Ill. 2011).

However, any distinction as to what constitutes "willfullness" may now be moot, as the United States Supreme Court recently rejected the subjective "willfullness" standard and held that for a finding of contempt and sanctions, there must be "no fair ground of doubt" as to whether the creditor's actions were prohibited by the discharge injunction. *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1800 (2019). Pursuant to the Supreme Court's holding in *Taggart*, a finding of civil contempt and sanctions based on a claim of a discharge injunction violation are not warranted when the creditor had an objectively reasonable belief that its actions were lawful. *Id.*.

ARGUMENT

Whether this Court decides to follow the subjective intent standard in the Northern District of Illinois or the more recent objective reasonableness standard set forth in *Taggart* by the United States Supreme Court, Debtor's Motion for Compensation for Fees and Costs must be denied. That is because Creditor's actions pass both the subjective intent and objective reasonableness standards, as explained in Creditor's Response to Debtor's Motion for Sanctions and as further explained in this Response to Debtor's Motion for Compensation for Fees and Costs.

In *Taggart*, the Supreme Court cites the Bankruptcy Code in its statement that "[the] statutory provision that addresses the remedies for violations of automatic stays says that 'an individual injured by any willful violation' of an automatic stay 'shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.' 11 U.S.C. § 362(k)(1)." *Id* at 1804. While the *Taggart* court rejected extending the Bankruptcy Code's subjective stay violation standard to a determination of a contemptible discharge injunction violation,

2

and instead adopted the reasonable objective belief standard, the Supreme Court highlighted that a certain threshold must be met to warrant a contemptible violation. And, it follows that unless the appropriate threshold is met to warrant a violation and that violation is contemptible, a debtor should not be awarded sanctions or attorney's fees and costs.

While Creditor understands and respects that this Court will soon issue a written opinion that will explain this Court's reasoning for not permitting Creditor to proceed with its eviction action in light of the discharge injunction, all parties involved in this pending Motion are aware that the claim Debtor brought for a violation of the discharge injunction is a matter of first impression for this Court. Therefore, there could not have been a violation, and certainly not a contemptible violation, because the law is unsettled. And unsettled may be an understatement, as the law prohibiting Creditor's actions simply does not exist. That is, this issue has not been decided in the Northern District of Illinois or the Seventh Circuit - this issue has not been decided by any bankruptcy court. There are no prior decisions within United States Bankruptcy Court that prohibit a condominium association from proceeding with an eviction action post-discharge based on *in rem* debt for assessments. Accepting Debtor's argument for attorney's fees and costs would mean that when an issue is not settled by a court and a judge rules against a party and thereby paves the path for new law, the prevailing party would be entitled to an award of its attorney's fees and costs. This would be unjust and inequitable, and it cannot be the outcome here.

Creditor's good faith and reasonable understanding was the Bankruptcy Code permitted it to proceed in eviction court, as landlord creditors are permitted to evict their tenants based only on discharged rent. *See eg.*, *In re Dabroswki*, 257 B.R. 394 (Bankr. S.D.N.Y. 2001). In fact, Creditor is not aware of any property right (other than Debtor's claim to retain possession of her

3

condominium unit), that a debtor is permitted to maintain, even post-discharge, without making payments toward the underlying lien to the secured creditor.   It follows that a creditor would have a good faith and objectively reasonable belief that proceeding in an eviction court *in rem* post-discharge would not violate the discharge injunction.  This alone provides more than a "fair ground of doubt" as to whether Creditor's actions were prohibited by the discharge injunction. Furthermore, even more doubt exists when recognizing that an *in rem* eviction action is permitted under Illinois state law.

Creditor's Response to Debtor's Motion for Sanctions addresses this fact that Illinois state law permits an *in rem* eviction action.   At no time could Debtor produce any Illinois state law that prohibited Creditor from proceeding with its eviction action, because it does not exist.  In fact, the following is true with respect to the law of the State of Illinois governing eviction proceedings. The Illinois Condominium Property Act provides a statutory lien for condominium assessments.  765 ILCS 605/9(g).  The Illinois Eviction Act provides that an eviction action can be maintained based on that lien for assessments.  735 ILCS 5/9-111.  Moreover, the Illinois Code of Civil Procedure provides that an eviction order can be entered including an *in rem* only judgment. 735 ILCS 5/9-107.

Based on this good faith and reasonable understanding of the law, through its eviction action, Creditor was seeking to obtain possession of and rent out Debtor's vacant unit to pay down the substantial lien for assessments against the unit. Creditor's Response to Debtor's Motion to Reopen and for Sanctions explains why it proceeded as it did and more importantly evidences it did not act willfully.  Creditor restates and reincorporates its argument within its Response to Debtor's Motion to Reopen Case, Waive Reopening the Fee, and for Sanctions as though it is fully restated herein.

Although Creditor respects this Court's ruling that such an *in rem* proceeding is not permitted by the discharge injunction, Creditor's actions were all in good faith, and Creditor had an objectively reasonable understanding that its actions were lawful and not in conflict with the Bankruptcy Code. For this reason this Court must deny Debtor's request for attorney's fees, just as it did not previously grant sanctions.

CONCLUSION

A "fair ground of doubt" exists, and Creditor's actions have been in good faith and objectively reasonable, and have not warranted a finding of a violation, sanctions, or an award of attorney's fees and costs to Debtor. Although Debtor's counsel raised the question as to whether the discharge injunction was violated, Debtor's counsel could not cite to any existing law in support of its position and failed to shift the burden to Creditor. While that has provided this Court with the opportunity to research and consider the question raised and issue a written opinion to clarify the impact of a discharge order, Debtor has not shown that Creditor has done anything in bad faith or in an objectively unreasonable manner that would support a finding of a violation or an award of sanctions, or attorney's fees and costs. Thus, Debtor should not be compensated in the form of attorney's fees or costs. As Creditor's actions have not warranted a finding of a violation or sanctions, there is likewise no support for Debtor's claim for attorney's fees and costs. Therefore, Debtor's request for attorney's fees and costs must be denied.

(signature on following page)

WHEREFORE, Secured Creditor, BEAUFORT OF GORDON TERRACE CONDOMINIUM ASSOCIATION, respectfully requests that this Court deny in its entirety Debtor's Motion for Compensation for Fees and Costs, and for any and all further relief this Court deems just and proper.

> Respectfully Submitted,
> BEAUFORT OF GORDON TERRACE
> CONDOMINIUM ASSOCIATION,
>
>
> By:     /s/ Bryan M. Wiley
>          One of its attorneys

CHARLES M. KEOUGH/DAWN L. MOODY
GABRIELLA R. COMSTOCK/KAREN L. BEVERLY
JONATHAN D. WASSELL/BRYAN M. WILEY
KEOUGH AND MOODY, P.C.
Attorney Number 06324845
Attorney for Creditor
114 East Van Buren
Naperville, IL 60540
(630) 369-2700