UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Ann Terrell, | ) | Case No. 19-07629 |
| | ) | |
| Debtor. | ) | Judge Deborah L Thorne |
| | ) | |

**MEMORANDUM OPINION**

The debtor, Ann Terrell, seeks sanctions against Beaufort of Gordon Terrace Condominium Association for violation of the discharge injunction entered in her chapter 7 case. Previously, the court reviewed the facts, the arguments of the debtor and Beaufort, and entered an order voiding the Circuit Court of Cook County eviction order because it violated the debtor's discharge. The court now grants the debtor's motion for sanctions as described below.

**Background**

The debtor filed a *pro se* chapter 7 petition in March 2019. She scheduled Beaufort as a creditor with a claim for past-due prepetition condominium assessments in the amount of $16,866.30 and disclosed the condominium association's Cook County Circuit Court forcible entry and detainer action against her. Within one day, Beaufort dismissed the eviction action without prejudice. The debtor did not reaffirm her debt to Beaufort and Beaufort did not object to her discharge or to the dischargeability of its claim. In July 2019, the debtor received a discharge of all her prepetition debts, including prepetition condominium assessments. Notice of the discharge order was mailed by the court to Beaufort and its attorney.

The debtor has paid all postpetition condominium assessments to Beaufort. In spite of these payments, shortly after her discharge, Beaufort reinstated the eviction action, seeking possession of the debtor's unit for nonpayment of $1 *in personam* liability , as well as $17,688 in

prepetition assessments subject to the *in rem* lien.[1]  In October 2019, Beaufort obtained an Order of Possession in the eviction action which was stayed for 60 days.  The Order indicated that the debtor owes $1 *in personam* and $17,688 *in rem*.  In addition, the order set a future date to consider a petition for attorneys' fees.  The debtor was not represented by counsel during the eviction action.

Neither party disputes that the debtor discharged her personal liability for the prepetition assessments or that the lien has not been discharged and remains as a cloud on the title of the debtor's condominium unit.  The questions addressed in this opinion include whether the discharge of the personal liability in the chapter 7 case enjoins Beaufort from pursuing its eviction action and, if so, whether, as this court previously found, the Circuit Court Order evicting the debtor is void.  Finally, if Beaufort did violate the discharge injunction, is it liable for sanctions for its violation?

## Illinois Condominium Property Act

Section 9 of the Illinois Condominium Property Act is entitled "Sharing of expenses— Lien for nonpayment" and provides that the failure to pay common expenses when due constitutes a lien on the interest of the unit owner prior to all other liens except taxes and other levies of political or municipal corporations and prior recorded encumbrances on the interest of the unit owner.  765 ILCS §605/9(g). The lien of the condominium association is in favor of the association and is for the benefit of all other unit owners. 765 ILCS § 605/9(h).

Section 9.2 of the Condominium Property Act allows associations to maintain an eviction action against a defaulting unit owner for the benefit of all the other unit owners under the

---

[1] The Eviction Order entered by the Circuit Court of Cook County lists $1 as personal liability, but neither party has explained what this is based upon and the debtor states that she has paid all postpetition assessments.  Beaufort has not refuted the debtor's claim nor has it explained what the $1 in personam liability represents.

Illinois Code of Civil Procedure. 735 ILCS 5/9-101. Thus, the association may then evict the defaulting unit owner, rent the unit until the outstanding fees are paid and then return possession to the unit owner. The only way to avoid eviction is for the defaulting unit owner to pay the outstanding assessments. In this case, Terrell was not in default and she did not personally owe any assessments because her personal liability was discharged in her bankruptcy.

## Bankruptcy Code Discharge Injunction

Section 727 of the Bankruptcy Code provides authority for the bankruptcy court to discharge an individual debtor from all debts that arose before the date of the order for relief whether or not a proof of claim is filed. 11 U.S.C. § 727(b). The discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor". 11 U.S.C. § 524(a)(2).

"Debts" subject to the discharge are defined as "liability on a claim" under section 101(12) of the Bankruptcy Code. Claim is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Thus, the discharge serves to give a fresh start to the honest but unlucky debtor. *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 367 (2007). The creditor has the burden of establishing by a preponderance of the evidence that the claim is not dischargeable. *Grogan v. Garner,* 498 U.S. 279, 284 (1991).

If a creditor wishes to demonstrate that a debt is nondischargeable, it must resort to section 523(a) of the Bankruptcy Code which provides a list of nondischargeable debts. Unless otherwise provided, a debt allegedly falling under one of these subsections that was timely listed

3

by the debtor on her bankruptcy schedules is nevertheless discharged unless the creditor requests a hearing within 60 days after the date first set for the first meeting of creditors. 11 U.S.C. § 523(c)(1); Fed.R.Bankr.P. 4007(c). The bankruptcy court has the exclusive jurisdiction to determine whether the claim is discharged. *Schroeder v. Winyard,* 375 Ill.App.3d 358, 362 (2007); *In re Mendiola,* 99 B.R. 864, 866 (Bankr. N.D.Ill. 1989).

Bankruptcy Code section 523(a)(16) specifically excepts from discharge postpetition condominium assessments and thereby implies that prepetition condominium assessments are discharged.[2] In this case, the debtor's personal liability for the prepetition condominium assessments was discharged. Of course, a discharge in bankruptcy does not discharge or remove a lien upon the property of the debtor. The lien in this case is imposed by statute, presumably by the declaration on file with the recorder of deeds for Cook County, Illinois and continues as a cloud on the title. *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991) (bankruptcy discharge extinguishes only actions against debtor *in personam,* leaving intact actions *in rem*). Thus, the lien for the unpaid condominium assessments remains as a lien against her unit and is subject to foreclosure under state law.

### The Eviction Action Violates the Discharge Injunction

A creditor may exercise its *in rem* rights against property without implicating the protections of the discharge injunction. 4 Collier on Bankruptcy ¶ 524.02(16th ed. 2018); *Johnson,* 501 U.S. at 84. Thus, Beaufort could proceed to foreclose on the debtor's unit but

---

[2] Prior to 1994, there was a split among the various courts as to whether future condominium fees were discharged. In 1994, future assessments, arising after bankruptcy petition, were excluded from discharge if the debtor continued to reside on the property or rented it out. In 2005, BAPCPA expanded protection to associations by completely excluding future assessments from discharge regardless of the debtors' use of the property after filing. Brandt H. Stitzer, *HOA Fees: A BAPCPA Death-Trap,* 70 Wash. & Lee L. Rev. 1395, 1399 (2013).

4

would only collect against the property after all prior liens are paid, to the extent there was sufficient value. An action against the property does not violate the discharge injunction.

Beaufort argues, however, that it may also pursue eviction to collect on the *in rem* lien because Illinois law allows such an action. This is wrong. The condominium association may resort to eviction "when the action is based upon the failure of an owner of a unit therein to pay when due his or her proportionate share of the common expenses of the property." 735 ILCS 5/9-111. A creditor may not invoke a state law enforcement action to collect a personal liability which has been discharged. Doing so is a violation of the discharge injunction because the debt was discharged in bankruptcy. *Pratt v GMAC (In re Pratt),* 462 F.3d 14 (1st Cir. 2006); *Paul v. Iglehart (In re Paul),* 534 F.3d 1303 (10th Cir. 2008); *In re Schlichtmann,* 375 B.R. 41 (Bankr. D. Mass. 2007); 4 Collier on Bankruptcy ¶ 524.02(2)(a) ("[n]otwithstanding the facial permissibility of a lawsuit or some other action taken by a creditor *vis-à-vis* a discharged debtor, a violation of § 524(a)(2) may still be found if the debtor proves the creditor acted in such a way as to coerce or harass the debtor improperly i.e., so as to obtain payment of the discharged debt."). Although Illinois law allows eviction to collect on obligations owed by a unit owner, it can only pursue eviction if the personal liability for the assessments are due and in this case, the prepetition assessments were discharged. Further, the debtor has made all payments for her post-petition obligations to Beaufort, so there is no basis for an eviction action against the debtor.

The eviction action was filed, and could only be filed, to collect the discharged prepetition personal liability or the *in personam* claim. If successful, Beaufort would have evicted the debtor and rented the unit until the full discharged portion was paid. Had the debtor paid the discharged claim, Beaufort would not continue to pursue the eviction action. The action to evict is nothing less than an action to collect the discharged claim and violates the injunction.

5

Beaufort argues that it is entitled to proceed with eviction of the debtor as a means to enforce its lien. Its cited support fails to support its position. *Country Club Estates Condominium Ass'n v. Bayview Loan Servicing LLC,* 84 N.E.3d 1140 (Ill. App. Ct. 2017) and *1010 Lake Shore Ass'n v. Deutsche Bank Nat'l Trust Co.*, 2015 IL 118372. Neither case considers the bankruptcy discharge of *in personam* liability, but rather whether a condominium association may recover pre-foreclosure sale assessments from the successful bidder in a foreclosure sale. The answer to that question is not relevant or helpful in determining the question before this court. 765 ILCS 605/9(g)(3) and (4). Neither case addresses the impact of a bankruptcy discharge on the *in personam* liability or whether pursuing eviction after the personal liability is discharged is permitted.

Because of the bankruptcy discharge, Terrell no longer owes the prepetition assessments and the eviction action to collect the discharged debts violates the discharge injunction. In proceeding under section 9-111, Beaufort impermissibly sought to collect the discharged *in personam* claim. In the only state court case to discuss similar facts, an Illinois appellate court recognized that a post-discharge eviction action violated the discharge injunction of 11 U.S.C. § 524. The court held that the bankruptcy discharge prohibited a condominium association from pursuing eviction against the unit owner and was limited to pursing foreclosure against the *in rem* lien. *339 W. Barry Condo. Ass'n v. Bunin,* 401 Ill.App.3d 1144 (2010).[3] In that case, Barry

---

[3] *Barry Condominium Association* is an unpublished opinion governed by Illinois Supreme Court Rule 23(e). Beaufort argues that this court may not consider it as Illinois Supreme Court Rule 23(e) provides, in part, that non-precedential orders "may not be cited by any party except to support contentions of double jeopardy, *res judicata,* collateral estoppel or law of the case." Rule 23, however, is not binding on federal courts. And, while the court cannot give an unpublished case precedential effect, it may cite to them for their persuasive value. *United States v. Hillcrest Resort, Inc.* 2019 WL 6112840, at *2, (C.D. Illinois, Nov. 18, 2019); *Mandelstein v. Rukin,* 2019 WL 3857886, at *7 n.7 (N.D. Ill. Aug 16, 2019). Moreover, this court agrees with the *Barry* court's reasoning.

6

challenged the ruling of the trial court that the defendant/debtor's discharge in bankruptcy extinguished his personal liability for prepetition assessments. In a clear and cogent explanation, the Illinois Appellate Court affirmed the trial court explaining that the prepetition *in personam* claim was discharged and while the *in rem* lien remained, it could only be pursued through a foreclosure action. The eviction action was a statutory proceeding to collect the prepetition assessments and to adjudicate rights to possession based on the personal liability discharged in the bankruptcy case. The *in rem* lien only implicated the validity of title and not possession. The appellate court suggested that proceeding with foreclosure was the proper means to pursue collection of the remaining lien.

Additionally, Beaufort cites to 735 ILCS 5/9-107, arguing that eviction actions can be brought to enforce *in rem* debts. This provision of the statute governing standards of constructive notice is relevant in a situation where the association is unable to serve the defaulting unit owner by personal service. It allows the association to serve by posting notice but is not relevant to the issues before this court where the unit owner's personal liability has been discharged.

Beaufort violated the automatic stay by pursuing eviction for discharged personal liability and as a result, the state court order obtained in violation of the discharge injunction is void.

### **Sanctions are Appropriate for Violation of the Discharge Injunction**

Recently, the Supreme Court weighed in on the proper standard to evaluate a request for contempt after a violation of the discharge injunction. The Court held:

> [A] court may hold a creditor in civil contempt for violating a discharge order where there is not a *'fair ground of doubt'* as to whether the creditor's conduct might be lawful under the discharge order. In our view, that standard strikes the 'careful balance between the interests of creditors and debtors' that the Bankruptcy Code often seeks to achieve.

*Taggart v. Lorenzen,* 139 S,Ct. 1795, 1804 (2019) (citing *Clark v. Rameker,* 573 U.S. 122, 129 (2014).

In this case, Beaufort violated the discharge order by proceeding with a collection action to collect the discharged prepetition assessments. It was clearly aware of the automatic stay and dismissed its prepetition eviction action because it understood that collecting prepetition assessments was prohibited. Beaufort received notice of the discharge injunction. In spite of that, it immediately reinstated the eviction action to collect the discharged *in personam* debt.

Beaufort has not put forth any objective explanation as to why it pursued the post-discharge eviction other than stating that "this is how it is always done" and later by citing several cases that have nothing to do with the right to pursue an eviction when the *in personam* liability has been discharged. Although *Taggart* warns us not to impose sanctions if there is an objectively reasonable basis for concluding that the conduct might be lawful, Beaufort has not demonstrated any reasonable basis for concluding that the conduct was lawful. It understood the automatic stay prevented the eviction once the bankruptcy was filed, yet it pursued eviction after the personal liability was discharged. Relying on "how it is always done" is not sufficient support to convince this court that Beaufort reasonably believed that pursuing the eviction action was lawful in light of the discharge.

Further, the court is concerned with the "$1 *in personam"* liability stated on the eviction order entered by the state court. The debtor has stated that she has paid every penny of assessments since the bankruptcy was filed and Beaufort has not demonstrated or even suggested that any postpetition assessments are unpaid. Beaufort included the $1 *in personam* liability in the order even though it knew that all prepetition *in personam* liability had been discharged.

This further suggests that Beaufort knew it had no basis for pursuing an eviction under the circumstances.

### **Conclusion**

Beaufort violated the discharge injunction by pursuing collection of the debtor's discharged personal liability. The state court order entered evicting the debtor is void. Sanctions are appropriate in such a case where there was no objectionably reasonable basis for the violation. Beaufort is ordered to pay sanctions equal to the attorneys' fees incurred by the debtor. Debtor's counsel has stated that it incurred $2,348 in fees and $24.00 in costs. The fees and costs will be paid by Beaufort as a sanction for violating the discharge injunction. Fees and costs must be paid to Debtor's counsel within 28 days of entry of this order.

ENTER:

Dated: April 8, 2020

_____
Deborah L. Thorne
United States Bankruptcy Judge

9